McIlvaine, J.
Power to make a special assessment to pay the whole or any part of the costs of the improvements specified in the ordinance of September 9, 1873, was •conferred upon the city by sections 576 and 579 of the municipal code of 1869. Section 576 reads as follows: “For the payment of the costs of making said improvements the council may, by ordinance, levy and assess a tax on all the lots and lands bounding or abutting on the proposed improvement, such tax to be either in proportion to the foot front of the lot and lands so-bounding or abutting, or according to the value of such lot or lands, as assessed for taxation under the general law of the state, as may be equitable, and as the council may in each case determine.” The ordinance in question can not be supported under this section, for the reason that it does not limit the assessment to abutting lots and lands; nor does it necessarily embrace such lots or lands. This would depend on the fact whether or not the abutting lots and lands were benefited by the improvement. Sectiou 579 provides: “If, iu the opinion ■of the council or board of improvements, the same would be equitable, a proportion of tbe cost of making the improvement may be assessed, as herein provided, upon such other lots or lands within the corporation, not bounding or abutting upon the improvement, as will, in the opinion of the council or board, be specially accommodated and benefited thereby; and said board or council shall fix the amount to be so assessed.” The ordinance of September 9 was not in execution of the power conferred by this section, for the reason that it does not designate the non- *479 abutting lots or lands which, in the opinion of the council, would be specially accommodated and benefited by the improvement, nor does it fix the proportion or amount of •costs which should be assessed upon the non-abutting property.
But the council, without exercising the power conferred by either of these sections, assumed to act under the provisions of section 584, and required the board of improvements to make and report an estimated assessment of the •costs of the improvement upon the lots and lands chargeable therewith. This section reads as-follows : “ In all cases in which it is determined to assess the whole or any part of the cost of any improvement upon lots or lands bounding or abutting upon the same, or upon other lots or lands benefited thereby, the council may require the board of improvements, or may appoint three disinterested freeholders of the corporation or vicinity, to report to the council an estimated' assessment of such cost on- the lots .and lauds to be charged therewith, in proportion, as nearly .as may be, to the benefits which may result from the improvement to the several lots or parcels of land so assessed,” •etc. This action of the council, as well as all the subsequent proceedings, was premature and unauthorized, as, in our opinion, resort may not be had to the powers conferred by section 584, until those conferred in section 576, or in 576 and 579, have been exercised. In all cases of street improvements, when it is determined, in pursuance of the powers conferred by sections 576 and 579, to assess, etc., then, and not till then, may the council, under section 584, for the purpose of relieving against injustice resulting from the arbitrary apportionment, according to the front foot or the valuation, require an estimated assessment, in proportion to the benefits, on the lots and lands which, in pursuance of such previous determination, are to be charged therewith.
It is contended by defendants that, under the rule laid down in Meissner v. Toledo, 31 Ohio St. 387, it was not essential that the lots and lands to be assessed should have *480 been designated before an estimated assessment could be required under section 584. It is true that it was held in that case that the confirmation by the council of the estimated assessment was a sufficient determination by the council of the lots and lands to be charged with the assessment. But it must be kept in mind that the assessment, in that case, was to pay for lands condemned for street purposes, as authorized by section 539, and that sections 576 and 579 were not embraced in the scheme provided for-levying special assessments in such case, while the rule in this case depends on the construction of sections 576 and 579,, which are fundamental in the scheme for levying special assessments to pay for the improvement of streets already in existence. The difference in the schemes accounts for the difference in the rules. It is not a question as to what the statute should be in either case, but what is it in each.
It is also contended, in this case, that, inasmuch as the estimated assessment was made by the board of improvements, section 579 has been substantially, if not literally, complied with. In our judgment, the board of improvements, when required, under section 584, to make an estimated assessment, can exercise no function different in any respect from the- power conferred upon a committee of disinterested freeholders in making such assessment; and clearly the committee could not exercise the powers conferred in section 579.
And further, it may be said, as it seems to us, that Empower conferred on the board of improvements by section 579 must be exercised by the board, if it desires to exercise it at all, at the same time that the improvement is recommended.
In cities having a board of improvements, of which Cleveland is oue, it is provided by section 501 that no improvement or repairs shall be ordered or directed by the council for any street, etc., except on the recommendation of the board of improvements; and section 503 provides that all petitions for improvements from owners of property shall be presented to the board, who shall report from time *481 to time to the council, when any improvement is necessary or proper; and when any assessment is required, they shall report the same and an estimate of the amount to be assessed, and the council .shall take such action thereon as. may be deemed proper.
Erom this view, it follows that the defendants should have been restrained from certifying the assessment so-made to the auditor to be placed upon the duplicate for collection as other taxes ; and it only remains to determine-whether the plaintiffs were entitled to an injunction restraining the collection by action.
Section 550 provides that in an action for the recovery of an assessment, no irregularity or defect, whether in the proceedings of the board of improvements or of the council, whereby the assessment has not been properly made,, shall prevent a recovery, when it is shown that expense has-been incurred, which is a proper charge against the defendant, or against the lot or parcel of land in question ; and it seems plain that an unrestricted order enjoining the collection of an assessment should not be granted in a case-w'here, if an action had been brought for the collection of an assessment against the persons assessed, they could not resist a recovery on the ground of irregularities or defects in the proceedings.
We are of opinion, however, that the informalities and irregularities above mentioned are so fundamental and radical that the case does not fall within the curative provisions of section 550. In street improvement proceedings, where there-is no ordinance in substantial conformity to the provisions of section 576, and where non-abutting property has not been designated by the board or council, or the amouut to be assessed thereon has not been fixed, as required by section 579, it can not be said that any expense has been incurred that is a proper charge against the person or property sought to be assessed.
Whether the facts bring the case within the provisions- *482 of section 551, which authorize a re-assessment, is a question we have not considered, and do not determine.
Judgment reversed, demurrer to answer sustained, and •cause remanded to the district court for such further proceedings as may be authorized be law.